**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**KENNETH KUBAN**                                                                 **PETITIONER**
Reg # 17261-084

**VS.**                        **NO. 2:15-cv-00033-KGB-BD**

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                          **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I**.    **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Mr. Kuban – or any party – may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II.     **Background**

Petitioner Kenneth Kuban filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Docket entry #1)  Mr. Kuban is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Complex in Forrest City, Arkansas.

In his petition, Mr. Kuban complains that Respondent is denying him "transfer to a lesser security facility based solely on a management variable which has no basis in fact." (Docket entry #1 at p. 2)  He asks the Court to order Respondent "to remove the Greater Security Management Variable imposed by the Designation and Sentence Computation Center." (#1 at p. 3)  For the reasons set forth below, the petition should be DISMISSED.

III.    **Discussion**

A federal habeas corpus petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts[1]; *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 2570 (2005).  "If 'it plainly appears from the petition [and any attached exhibits] . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading."

---

[1] Rules 2 and 4 of the Rules Governing Section 2254 Cases are applicable to § 2241 petitions.  See Rule 1(b) of the Rules Governing Section 2254 Cases; see also *White Horse v. United States*, 2009 WL 3769520 at FN1 (D.Minn. Nov. 10, 2009); *Brown v. Missouri*, 2009 WL 962821 at *1 (E.D.Mo. April 8, 2009).

*Mayle v. Felix*, 545 U.S. at 656 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).

A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489.

On the other hand, "constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core." *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122 (2004). Of course, a federal prisoner may raise a challenge to his conditions of confinement in a civil rights action brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

Here, Mr. Kuban clearly challenges his condition of confinement; he does not argue that he is being held in custody illegally. In response to Mr. Kuban's grievance challenging the Greater Security Management Variable, the Warden stated that the variable applied by the Designation and Sentence Computation Center was set to expire in May, 2015. (#1 at p. 6) At a program review by Mr. Kuban's unit team, however, the team decided that due to the nature and circumstances of Mr. Kuban's offense, a "transfer to a Minimum Security facility was not warranted at this time." (*Id*.) Accordingly, the

team decided not to remove the variable so as to allow the team "additional time to guage your appropriateness for a reduction in custody." (*Id.*) Mr. Kuban appealed the Warden's decision, but the Regional Director denied the appeal, stating that the Warden had addressed the matter "in accordance with Program Statement 5100.08." (#1 at p. 11)

Mr. Kuban's petition should be dismissed for two reasons. First, he does not allege that he is in custody in violation of the United States Constitution or laws or treaties of the United States – a requirement for habeas corpus relief. 28 U.S.C. § 2241(c)(3). In fact, in the petition Mr. Kuban complains that the Greater Security Management Variable is affecting his conditions of confinement. The only consequence of the designation that he mentions is that he has been denied transfer to a minimum security facility. Mr. Kuban's claim cannot be considered a § 2241 habeas corpus action because it bears on the conditions of his confinement and not on the execution or length of his federal sentence.

Second, if Mr. Kuban is complaining that the BOP violated his due process rights by applying the Greater Security Management Variable, his complaint still fails. The facts alleged in the petition do not amount to a denial of a liberty interest under the due process clause. Courts in this circuit– and in others– have specifically held that the BOP policy delineating the system of Management Variables does not create a constitutionally protected liberty interest because the policy does not impose atypical and significant hardship on inmates in relation to the ordinary incidents of prison life. See *e.g. Aldaco v.*

*Holder*, No. CIV. 10 590 JRT LIB, 2011 WL 825624, at *6 (D. Minn. Jan. 7, 2011) report and recommendation adopted, No. CIV. 10 590 JRT/LIB, 2011 WL 839388 (D. Minn. Mar. 7, 2011)(civil action brought under *Bivens*)(citing *Nixon v. Killian*, 2006 WL 2883133 at *3 (W.D. Tex. Oct. 2, 2006); *Marti v. Nash*, 227 Fed. Appx. 148, 150 (3rd Cir. 2007) (determining that BOP program statement 5100.08 does not grant prisoners due process rights to any particular security classifications); *Hinton v. Fed'l Bureau of Prisons*, 2009 WL 3347158 at *7 (S.D.W.Va. Oct. 14, 2009)(finding that program statement 5100.08 does not contain explicit, mandatory language or standards limiting BOP discretion that would give rise to a protected liberty interest)).

Mr. Kuban has not alleged facts to support either a challenge to the legality of his confinement or to the length of his confinement. The Greater Security Management Variable does not implicate a constitutionally protected liberty interest.[2] Consequently, Mr. Kuban's petition fails to state a claim under § 2241, and the petition should be summarily dismissed.

---

[2]If Mr. Kuban wishes to challenge the conditions of his confinement, he must do so in a separate *Bivens* action which would be subject to the 1996 Prison Litigation Reform Act ("PLRA") and the PLRA's requirement that he pay the civil action filing fee. A *Bivens* action is also subject to the PLRA's exhaustion provision set forth at 42 U.S.C. § 1997e(a), which requires dismissal of any action filed prior to exhaustion of administrative remedies. See *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002).

## IV. <u>Conclusion</u>

The Court recommends that Kenneth Kuban's habeas corpus petition (#1) be dismissed, without prejudice, for lack of habeas corpus jurisdiction. See Rule 4 of the Rules Governing Section 2254 Cases.

DATED this 19th day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE